OPINION
PER CURIAM.
Oleg Georgievich Amirov, a thirty-one-year-old native and citizen of Russia, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) rejecting his claim for relief under the Convention Against Torture (“CAT”). We will grant the government’s motion for summary affirmance, which Amirov has not opposed, and deny the petition for review.
In 1997, Amirov was granted derivative asylee status in the United States in connection with his parents’ asylum application. That same year, he was convicted in a New York state court of, among other things, third-degree assault, and was sentenced to five years of probation. In 2007, Amirov was convicted in the United States District Court for the Northern District of Texas of possession with intent to distribute 100 kilograms or more of marijuana, and aiding and abetting; he was sentenced to sixty months in prison. In 2008, the government commenced removal proceedings, charging Amirov as removable on several grounds, including the commission of a crime involving moral turpitude and a controlled substance offense. Amirov conceded his removability before the Immigration Judge (“IJ”) and filed an application for deferral of removal under the CAT, claiming that he would likely be tortured in Russia because he is Jewish.
The IJ accepted the credibility of Amirov’s testimony, but denied relief upon consideration of the record evidence. The IJ concluded that Amirov had failed to show that it is more likely than not that the Russian government will act with a specific intent to torture him, or acquiesce to his torture. While the IJ found evidence that the Russian government may be unable or unwilling to protect Jews from acts of harassment and persecution, and while the IJ was -willing to presume that Amirov would be detained for questioning by immigration authorities upon his return to Russia, the IJ found no record evidence that Amirov is likely to be singled out for torture.
The BIA dismissed Amirov’s appeal on the basis of the IJ’s decision, supplemented with an analysis of its own. The BIA agreed that Amirov failed to establish that it is more likely than not that he will be tortured, explaining that, although there is evidence of anti-Semitism, harassment, and violence against Jews (i.e., evidence of persecution), Amirov did not present evi *589 dence that the Russian government is involved in the systematic identification and torture of Jews. The BIA noted record evidence that there are anti-Semitic elements in Russian society, and that the Russian government has displayed an unwillingness to fully prosecute hate crimes, but it observed that Amirov cannot support a CAT claim merely by stringing together suppositions about what will happen upon his return. Given the “number and speculative nature” of the suppositions supporting Amirov’s claim, and the lack of evidence of pervasive and systematic torture of Jews, the BIA held that Amirov’s claim for CAT relief must fail. The BIA noted that Amirov did not show that violence in Russia against Jews is severe enough to qualify as torture, or is so pervasive as to establish a probability that Amirov would be singled out for torture with government acquiescence.
Amirov timely filed his petition for review, and he has moved for a stay of removal pending this Court’s review. The government opposes a stay and has moved for a summary disposition on the merits of the petition for review. Amirov, who is represented by counsel, has not filed a response in opposition to the motion for summary disposition. Because we conclude that Amirov’s petition for review presents “no substantial question,” 3d Cir. I.O.P. Ch. 10.6, we will grant the government’s motion and deny the petition for review.[1]
An alien seeking CAT relief must demonstrate “that it is ‘more likely than not’ that he or she will be tortured.” Pierre v. Att’y Gen., 528 F.3d 180, 186 (3d Cir.2008) (en banc). “In order to constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering.” Id. That act must be “ ‘inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.’ ” Id. at 189 (quoting 8 C.F.R. § 208.18(a)(1)). It is not enough for public officials to be “willfully blind” to torturous acts; the officials must “have the goal or purpose of inflicting severe pain or suffering.” Id. at 190.
After a review of the full administrative record, we find no room to question the IJ and BIA’s stated reasons for denying CAT relief. At most, the record establishes the possibility that Amirov will suffer acts of persecution in Russia as a Jew. But as the IJ observed, the question raised by Amirov’s request for a deferral of removal under the CAT is not whether he will face persecution, but whether he will be singled out for torture. The record does not compel a conclusion contrary to the determination by the IJ and BIA that Amirov has failed to show that torture is more likely than not to occur, or, moreover, that any torturous act would be inflicted by or with the acquiescence of Russian officials. While Amirov presented evidence of violence directed against Jews in Russia, the record does not compel a conclusion that such violence amounts to a form of torture, *590 or that it is so pervasive as to establish a probability that Amirov himself would be tortured.
For these reasons, we will grant the government’s unopposed motion for summary action and deny the petition for review. In light of this disposition, we also deny Amirov’s motion for a stay of removal pending review.

. We have jurisdiction under 8 U.S.C. § 1252(a). Where, as here, the BIA issues a decision that both adopts and supplements the IJ’s reasoning, this Court has jurisdiction to review the decisions of both the IJ and BIA. See, e.g., Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir.2004). Factual determinations underlying the denial of a CAT claim are reviewed under the substantial evidence standard, which means that this Court will not disturb those determinations if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir.2003). We regard such determinations as conclusive unless the record not only supports a contrary conclusion, but compels it. Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir.2001).